**PRUETT v. CATTLEMEN'S TRUST CO. et al.**
**(No. 115-2975.)**

(Commission of Appeals of Texas, Section B. June 16, 1920.)

**Corporations ☞99(1)—Issuance of stock for note violative of Constitution and statutes.**

Where a bank took a note for a subscription to its stock, which it issued in the subscriber's name, retaining possession until note should be paid, apportioning dividends to subscriber from date of making certificate, recognizing subscriber's proxy as valid, and sending him notices as a stockholder, the transaction was violative of Const. art. 12, § 6, and Rev. St. 1911, art. 1146.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by C. E. Pruett against the Cattlemen's Trust Company and another. From judgment for plaintiff, defendants appealed to the Court of Civil Appeals, which reversed and rendered judgment for the named defendant (184 S. W. 716), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed on recommendation of the Commission of Appeals.

Lea, McGrady & Thomason, of El Paso, C. C. Belcher, of Del Rio, and C. R. Sutton, of Marfa, for plaintiff in error.

A. H. Kirby, of Abilene, for defendants in error.

SADLER, J. For a full statement showing the questions involved in this case, see the decision of the Court of Civil Appeals. 184 S. W. 716.

In the trial court, Pruett sought a cancellation of the notes in question on two theories: (a) Fraud in the inception of the transaction; and (b) the invalidity of the notes under the provisions of article 1146 of the Revised Statutes, and of article 12, section 6 of the Constitution. On the trial, the issue of fraud and its waiver was submitted to the jury by special issues. The issue as to the validity of the notes under the statute and Constitution was determined by the court. The jury verdict was favorable to the contention of Pruett. The court construed the transaction as being lawful under the statute and Constitution; in other words, that plaintiff could not avail himself of that defense. Judgment was rendered, on the findings of the jury, for the plaintiff, canceling the notes. The defendants appealed, attacking the findings of the jury on the question of fraud and its waiver, and the judgment of the court thereon. Plaintiff filed a cross-assignment to the conclusion of the court in depriving him of his defense, under the view that the notes were given by him and accepted by the Cattlemen's Trust Company, in payment for the stock issued.

On appeal, the Court of Civil Appeals held against the findings of the jury on the question of the waiver of fraud in the inception of the subscription contract, but on the cross-assignment of Pruett denied relief, and reversed and rendered judgment for the defendants in the court below. We think the judgment of the trial court, although pro-

ceeding upon an incorrect theory of the law, correctly determined the rights of the parties and should be affirmed. The Court of Civil Appeals, in discussing this question, says:

"The question presented by appellee in his cross-assignment has recently been very fully considered and passed upon by the Ft. Worth Court of Appeals, and we think correctly so. in the case of the Cattlemen's Trust Company of Ft. Worth v. Turner, 182 S. W. 438, not yet officially published. In that case the facts are the same as in this, and we think we need not restate them here. In that case the court holds that the transaction had between the trust company and Turner does not contravene the provisions in our Constitution and laws."

On writ of error, the judgment of the Court of Civil Appeals for the Second District in Cattlemen's Trust Co. v. Turner was reversed, and it was there held that the stock was issued in consideration of the notes, and that the transaction was violative of the Constitution and statutes of this state. Turner v. Cattlemen's Trust Co., 215 S. W. 831, not yet [officially] reported.

We think the decision there decisive of the question involved here, and that the judgment of the Court of Civil Appeals, on the authority of that case, should be reversed, and the judgment of the trial court affirmed, and so recommend.

MONTGOMERY, P. J., did not sit in this case.

PHILLIPS, C. J. We approve the judgment recommended in this case. The question of Pruett's not being entitled to relief against the transaction as prohibited by the Constitution because of his equal participation in it, is not made in this case.

---

⌖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes